## KEITH v. TOWN OF ROCKINGHAM.

*(Circuit Court, D. Vermont.* May, 1880.)

JURISDICTION — STATE STATUTE. — The fact that an action is wholly founded upon a state statute does not necessarily defeat the jurisdiction of the circuit court.

Motion to dismiss for want of jurisdiction.
*Jonathan B. Farnsworth,* for plaintiff.
*Charles N. Davenport,* for defendant.

WHEELER, D. J. This is an action on the case founded upon section 41, *c.* 25, Gen. St. Vt., which provides that "if any special damage shall happen to any person, his team, carriage, or other property, by means of the insufficiency or want of repairs of any highway or bridge in any town, which such town is liable to keep in repair, the person sustaining such damage shall have the right to recover the same in an action on the case in any court proper to try the same." The plaintiff is alleged to be a citizen of Massachusetts, and the defendant is a town in Vermont. The defendant moves to dismiss for want of jurisdiction, because, as is argued, this is not an action at common law or in equity, of which jurisdiction is given to the circuit courts of the United States by section 629, U. S. Rev. St., and section 1 of the act of March 3, 1875, to determine the jurisdiction of the circuit courts of the United States, (18 St. at Large, 470, *c.* 137,) but is an action founded wholly upon the statutes of the state, and a proceeding of which the state courts only can have jurisdiction. The cause has been heard upon this motion.

The constitution of the United States extends the judicial power of the United States to controversies between citizens of different states. Article 3, § 2. Under this section, and the one next preceding, authorizing congress to ordain and establish courts, jurisdiction has been given to the circuit courts, by the statutes cited, of suits of a civil nature at common law, in which there shall be a controversy between citizens of different states. The question is whether this is an action at common law. The same expression is used in arti-

cle 8 of the amendments to the constitution, where it is declared that in suits at common law the right of trial by jury shall be preserved. This expression has been held to mean there all suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized and equitable remedies administered, and to admiralty proceedings, and not merely suits which the common law recognized among its old and settled proceedings. *Parsons* v. *Bedford*, 3 Pet. 433. The right of recovery in this action is founded upon the statute, but an action at common law may be founded upon a statute. Bac. Ab. "Statute," K. The rights to be determined are purely legal rights, as distinguished from equitable rights. The action on the case given by the statute is a common-law action. The parties to it have the right to a trial by jury according to the course of the common law, which the legislature of the state cannot take away or abridge. *Plimpton* v. *Somerset*, 33 Vt. 283. This court has concurrent jurisdiction with the courts of the state of actions of this nature in which there is a controversy between citizens of different states of the required amount, as there is here, and, therefore, this is a proper court to try the action, within the meaning of the statute of the state giving the action.

Motion overruled.